206

Linda WILLIS, Plaintiff,

v.

DEAN WITTER REYNOLDS,
INC., Defendant.

Civ. A. No. 90–356.

United States District Court,
E.D. Kentucky,
Lexington.

Dec. 21, 1990.

Richard E. Fitzpatrick, Winifred L. Bryant, Gess, Mattingly & Atchinson, Lexington, Ky., for plaintiff.

William E. Johnson, Anita M. Britton, Stoll, Keenon & Park, Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

FORESTER, District Judge.

This matter is before this Court upon the motion of the Defendant, Dean Witter Reynolds, Inc. ("Dean Witter") to compel arbitration of claims, and the motion of the Plaintiff, Linda Willis, to amend her complaint. This Court heard arguments of counsel this morning, December 21, 1990, on the parties' motions, and this Court now grants Willis' motion to amend her complaint and grants in part and denies in part Dean Witter's motion to compel.

### BACKGROUND

Linda Willis filed her original complaint against Dean Witter in Fayette Circuit Court in August 1990. She alleges that she was employed with Dean Witter from 1982 through 1989 as an account executive. She states that the working environment during the last two years of her employment was "hostile and demeaning to all female employees" and that she "was discharged and/or forced by [Dean Witter] to resign her employment with [Dean Witter] on May 23, 1989, because of her sex." She further alleges that she filed a charge of discrimination with the Lexington–Fayette Urban County Human Rights Commission in August 1989 but that she withdrew that charge in May 1990 prior to an administrative hearing or determination.

In Counts I and II of her original complaint, Willis avers sexual harassment and sexual discrimination claims by alleging violations of Ky.Rev.Stat. section 344.040, Kentucky's employment discrimination

statute. Counts III and IV raise common law claims of outrage and breach of contract.

Dean Witter immediately removed the case to this Court based on diversity of citizenship jurisdiction and filed its motion to compel arbitration. It contends Willis executed an application for registration with the stock exchanges on October 1, 1982, in which she agreed to an arbitration clause that provides:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register....

Rule 347 of the New York Stock Exchange provides:

> Any controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure prescribed elsewhere in these Rules.

Dean Witter contends, therefore, that this Court must stay the proceedings and submit the entire case to arbitration.

On September 21, 1990, Willis filed a motion to amend her complaint. Her tendered first amended complaint raises an additional claim of sexual harassment and sexual discrimination by alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e et seq.

## DISCUSSION

■ In *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), a unanimous United States Supreme Court held that an employee's statutory right to a trial de novo under Title VII is not foreclosed by his prior submission of his claim to arbitration under a clause in the collective-bargaining agreement. The Court explained its rationale in rather broad, sweeping terms:

> [T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination. In sum, Title VII's purpose and procedures strongly suggest than an individual does not forfeit his private cause of action if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective-bargaining agreement.
>
> ....
>
> ... [W]e think it clear that there can be no prospective waiver of an employee's rights under Title VII.... Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices. Of necessity, the rights conferred can form no part of the collective-bargaining process since waiver of these rights would defeat the paramount congressional purpose behind Title VII. In these circumstances, an employee's rights under Title VII are not susceptible of prospective waiver.

*Id.* at 48–49, 51–52, 94 S.Ct. at 1019–20, 1021.

Several courts have considered the issue that this Court now faces, and those courts have held that Title VII claims are not subject to arbitration. In *Swenson v. Management Recruiters International, Inc.*, 858 F.2d 1304 (8th Cir.1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 143, 107 L.Ed.2d 102 (1989), the plaintiff sued her former employer for sexual discrimination under Minnesota's employment discrimination law; she also brought common law tort claims of invasion of privacy and conversion. The court concluded that her state employment discrimination claim was not subject to arbitration but that her common law claims were arbitrable.

The court first explained that the language of *Alexander* prohibits a court from

ordering a Title VII plaintiff to submit her claim to arbitration:

> The analysis of *Alexander* lends strong support that Congress did not intend federal judicial proceedings in discrimination cases to be preempted by employment arbitration agreements enforceable under the [Federal Arbitration Act]. The Court pointed up an inherent conflict between arbitration and the underlying purposes of Title VII which evince a congressional intent to prohibit waiver of judicial forums.

*Id.* at 1306.

The court then held that the plaintiff's state employment discrimination claim was not subject to arbitration:

> *Alexander* makes clear that Congress intended the right in employment discrimination cases to have access to judicial remedies to outbalance the federal policy favoring arbitration. It is equally clear ... that Congress intended the federal antidiscrimination system to defer to state systems where possible....
>
> We conclude that Congress has articulated an intent through the text and legislative history of Title VII to preclude waiver of judicial remedies for violation of both federal Title VII rights and parallel state statutory rights, thereby exempting state statutes from the provisions of the Federal Arbitration Act.

*Id.* at 1308–09.

Finally, the court concluded that the plaintiff's common law claims were subject to arbitration because those claims arose out of the plaintiff's employment with the defendant. The plaintiff, therefore, had a duty to arbitrate those claims under the language of the arbitration agreement. *Id.* at 1309–10.

In *Utley v. Goldman Sachs & Co.*, 883 F.2d 184 (1st Cir.1989), *cert. denied*, — U.S. ——, 110 S.Ct. 842, 107 L.Ed.2d 836 (1990), the court refused to compel the plaintiff to arbitrate her Title VII sexual discrimination claim based on *Alexander:*

> In decisions following *Alexander*, the Court effectively developed a presumption of arbitrability under the [Federal Arbitration Act]....

Notwithstanding this policy, however, the Court has done nothing to disturb its prior ruling in *Alexander* that arbitration agreements do not preclude an independent right of access to judicial forum for resolution of Title VII claims. In fact, none of the recent pro-arbitration decision by the Supreme Court involve employment discrimination claims....

> ... The fact that Ms. Utley signed an individual employment agreement rather than a collective bargaining agreement as in *Alexander* is not significant. Similarly, defendants' attempts to read into *Alexander* and its progeny a requirement for employees to participate in arbitration prior to initiating claims in a judicial forum is inconsistent with the Congressional intent behind Title VII. As Congress has made the policy against discrimination "a highest priority," ... we rule that an employee cannot waive prospectively her right to a judicial forum at any time, regardless of the type of employment agreement which she signs.
>
> ....
>
> To summarize our opinion, the text of Title VII, while promoting conciliation and informal resolution, does not mandate exhaustion of arbitration before allowing an employee to proceed to a judicial forum. Furthermore, Title VII's statutory scheme and its legislative history clearly point to the conclusion that Congress intended to preclude even temporary prospective waiver of judicial forum. Therefore, Ms. Utley cannot be required to participate in arbitration proceedings prior to a judicial hearing on her Title VII claims.

*Id.* at 186–87 (citations omitted).

Very recently, two other courts also have held that Title VII claims are not subject to arbitration. *See Alford v. Dean Witter Reynolds, Inc.*, 905 F.2d 104, 106 (5th Cir. 1990) (court explained that *Alexander's* rationale was "broad enough to speak to any arbitration of Title VII claims"); *Bierdeman v. Shearson Lehman Hutton, Inc.*, 744 F.Supp. 211, 214 (N.D.Cal.1990) ("plaintiff could not prospectively waive her right

to a judicial determination of her Title VII claim").

Based upon *Alexander* and the overwhelming authority that a court cannot compel a Title VII plaintiff to arbitrate her claim, this Court holds that it cannot compel Willis to arbitrate her Title VII claims of sexual harassment and sexual discrimination. This Court also believes that the reasoning of the Eighth Circuit Court of Appeals in *Swenson* is quite sound that Congress intended, in enacting Title VII, to preclude a prospective waiver of judicial remedies for violations of both Title VII and state employment discrimination laws, such as Ky.Rev.Stat. section 344.040. Accordingly, this Court cannot compel Willis to arbitrate her claims for violations of Kentucky's employment discrimination statute.

Willis' common law claims of outrage and breach of contract, however, are subject to arbitration. Her contentions that Dean Witter somehow waived its right to arbitrate by participating in administrative proceedings before she filed this action and that she and her former employer did not have "a meeting of the minds" on the arbitration provision clearly lack merit. Under the terms of the arbitration clause within the October 1982 registration application containing Willis' signature, she agreed to arbitrate any dispute with Dean Witter arising out of her employment. The clear command of the Sixth Circuit Court of Appeals is that this Court must submit Willis' common law claims to arbitration. *See McGinnis v. E.F. Hutton & Co.*, 812 F.2d 1011 (6th Cir.1987); *Aspero v. Shearson American Express, Inc.*, 768 F.2d 106 (6th Cir.), *cert. denied*, 474 U.S. 1026, 106 S.Ct. 582, 88 L.Ed.2d 564 (1985).

## CONCLUSION

This Court being well and sufficiently advised, it is hereby ORDERED:

(1) the motion of the Plaintiff, Linda Willis, to amend her complaint to add her Title VII claims is GRANTED, and the Clerk of the Court is directed to file her tendered first amended complaint;

(2) the motion of the Defendant, Dean Witter Reynolds, Inc., to compel arbitration is GRANTED for the claims of outrage and breach of contract, Counts III and IV of the original complaint, and is DENIED for the claims of violations of Title VII and Ky.Rev.Stat. section 344.040 contained in the first amended complaint and in Counts I and II of the original complaint.